Good morning. May it please the Court, my name is David Schlesinger. I represent the appellant, Platinum Logistics, which is also the cross appellee. With the Court's indulgence, I'd like to begin by focusing on the issues raised in our appeal. If the panel would, if the Court would prefer that I wait until rebuttal time to address our opponent's cross appeal, I'd be glad to do so. Otherwise, I'd be prepared to answer any questions at any time regarding what the Court feels appropriate to address. You may proceed in the way you wish. Thank you, Your Honor. This case presents an issue of first impression in this circuit, and that is whether Rule 41d, despite its plain reference to costs, also allows a district court to award attorneys' fees for conduct resulting from a plaintiff's previously dismissed action. It is our view, based on the plaintiff's... Going directly to that issue... Certainly, Your Honor. ...the worry that I had, I guess you are conceding that a copian generally controls the other two issues, which are... Yes. ...whether costs can be awarded for the prior involuntary dismissal and whether costs can be... whether a district court can dismiss the case for failure to pay the costs. We do acknowledge, Your Honor, that a copian does control those two issues. We raise those in our first brief solely to preserve those issues for further review if necessary. Okay. Because if we... That's the only way we really get... I mean, that's one of the ways I want to get those down before we get to whether 41d includes attorneys' fees, right? That's correct, Your Honor. And so the answer to your question is yes. For purposes of proceedings today, we do concede that a copian controls those two issues. Let me ask you another question before we proceed, and that is did you anywhere appeal, if you will, the dismissal of the case for failure to pay the attorneys' fees? We have appealed from the entire judgment of the district court, and that includes the court's order issued in December of 2015 that explicitly dismissed the case because attorneys' fees had not been paid. Did you address that in your briefing? We did address that in our briefing, Your Honor. And I believe it was raised in our opening brief that we have essentially challenged the entire district court judgment. Well, that's the one thing that I wanted to make clear because it seemed to me there's no question you're addressing the attorneys' fees, whether attorneys' fees is a part of the costs under 41d.  Did you ask whether the court could dismiss the case for failure to pay? Let me direct you to that specific portion of the brief, Your Honor. That's one of the issues we've preserved, and we acknowledge that Hacobian controlled. Well, you acknowledge that Hacobian controls whether they can dismiss the case, but if, in fact, the court was wrong in awarding attorneys' fees, can they still dismiss the case for your failure to pay? Our answer to that, Your Honor, is no. I understand your answer. Did you brief it? I believe, Your Honor, that it is, if not explicit in our briefing, it is implicit that because we believe that the ---- I mean, I look for it because that seems to me to be a pretty important issue. If I suggest that I agree with you that attorneys' fees is not a part of costs, it seems to me the ultimate issue is could the court have dismissed the case anyway. In our view, Your Honor, is that the order to pay attorneys' fees is not an authorized order. So even if my client did not pay the fees, did not ---- There wasn't any order to pay attorneys' fees. It was an order to pay costs, which is certainly authorized. All you're suggesting is that attorneys' fees is not a part of costs. That's correct, Your Honor. So what we're saying, essentially, is that my client, at least for purposes of today's proceedings, is representing that it is prepared to pay costs. It earlier had challenged the authority of the district court to award both fees and costs. Now, for purposes of the appeal today, we are acknowledging that costs, particularly under Jacobian, could be awarded, but we are challenging the attorneys' fees portion of that, and we are essentially saying that the September 2015 order was not authorized. And so it should be vacated, and the case should be remanded so that it can proceed, provided my client can pay costs, which it is willing to do. I'm going to let you get into attorneys' fees, but we may get into this, because there's no question that the opposition cross-appealed that issue. They cross-appealed the 41A1B issue, Your Honor. I don't believe that they specifically cross-appealed anything other than that. Okay. Regarding 41D1, we begin with the plain text of 41D, which refers to costs. As we noted in our briefing, the term costs is a term of art that is long referred to expenses other than attorneys' fees. It brings us to one of the other considerations that we raised, and that is that attorneys' fees are referred to more than 20 times in the Federal Rules of Civil Procedure. So Congress, and I'll use Congress as shorthand for the rules-making process, has used attorneys' fees continuously and certainly sees fit to mention that term, whatever it intends for those to be available as. You would agree with me that this is certainly a circuit split on what we do in this particular matter. That's correct, Your Honor. And you would agree that Esposito from the Seventh Circuit would say, well, you wouldn't include the fees unless the underlying statute provided for the fees.  So if we were to follow the Seventh Circuit, would we award the fees? If you were to adopt the Seventh Circuit rule, Your Honor, our view is that fees are not properly awarded. Because there's no underlying statute? Because the underlying statute that the district would identify in this case, 15 U.S.C. 1117A, part of the Lanham Act, provides only for attorneys' fees to be awarded to prevailing parties in exceptional cases. Claims in this case, Your Honor, whether it was in the first action, the second action, or the third action, were never adjudicated on the merits. So there's never a determination that the plaintiffs were prevailing parties, or I should say our opponents were prevailing. Why doesn't the judge in this case have the ability to determine whether you were the prevailing party or who was the prevailing party? The judge in theory could do that, Your Honor, but the district court did not do that in this case. The district court simply identified Section 1117A as being the trigger under the Esposito rule for attorneys' fees availability under Rule 41D1. You're suggesting they didn't find that there was a prevailing party simply because it wasn't said, or, I mean, by all implication, they would suggest that your opponent was the prevailing party. That's why they allowed them costs. My view, Your Honor, is that the district court's order is less than crystalline on anything. I hear what you're saying, but it seems a little unusual that when the defendant asks for the costs pursuant to 41D, and you go to 41B, and you find that the plaintiff dismissed the action prior, that then at that point the court may award the costs. It seems as if one is suggesting that Cargo was the prevailing party and therefore they get the costs. Even if that were so, Your Honor, there was never a specific finding by the district court that the criteria set forth in 1117A, the exceptional case finding, was ever satisfied. So that's your argument as to Esposito? The argument as to Esposito is simply that even if 1117A were an appropriate statute, and we contest that because Merrick v. Chesney specifically said, specifically held that Congress had to set forth in a triggering statute that costs were explicitly recoverable. Then we're left with the Sixth Circuit, which you adopt. Yes, Rogers v. Walmart, Your Honor. Or Andrews from the Fourth Circuit, which you would not adopt. That's correct, Your Honor. Andrews essentially adopts the Esposito rule, but what's interesting about it is Oh, but it doesn't quite adopt the Esposito rule. It seems to me it goes a little further than the Esposito rule and says attorneys' fees are a part of costs and really doesn't talk about the underlying statute. It actually did, Your Honor. It did address the Fair Labor Standards Act claim in that case, and it determined that the defendant was not entitled to recover attorney's fees as a prevailing party under the Fair Labor Standards Act. So what's significant about that and significant about Esposito, which analyzed the eligibility for fees under the underlying statute, in that case 42 U.S.C. Section 1988, there has to be some sort of merits-based analysis, even if the Esposito rule, even if the Andrews rule were to be adopted. So it's our view that first this Court should adopt something akin to what the Sixth Circuit held in Rogers. But if not, even under Esposito, even under Andrews, there wasn't sufficient analysis by the district court to determine whether our opponents were prevailing parties under Section 1117A, which requires the exceptional circumstances. Simply being a prevailing party is not enough. I would briefly like to address, before I reserve some time for rebuttal, the suggestion that the district court separately found that inherent authority sanctions were applicable. The district court limited its analysis to a footnote and a citation of this Court's opinion in Fink v. Gomez. Wouldn't the district court be required to make a finding of bad faith in order to... That's correct, Your Honor. That is correct under Fink. And the district court under Roleway Express, Supreme Court's opinion, would be required to give notice and opportunity for my client to be heard on that subject. So it's our view that even though the district court may hold very strong feelings about this case, as evidenced by that footnote, it did not go through the proper procedures to impose those types of sanctions. Are we really talking then, when you're talking about this particular issue, we're talking about the dismissal itself? Because there's no question they could impose the cost. Are you talking about as to this issue whether they can dismiss, because that's the ultimate sanction, that there wasn't enough notice, there was not enough, if you will, ability to make this inherent decision? The district court raised inherent authority sanctions for the purpose of determining whether fees would be awarded. It did not rest its authority to dismiss the case. Oh, I see. So you're addressing as to if the fees are not allowed as per 41D, then the district court doing it and in its inherent authority to do the fees. That's correct, Your Honor. That's your issue? That's the issue, Your Honor. I just wanted to make sure. Yes, I appreciate that, Your Honor. I realize my time is diminishing. I would like to reserve my remaining time for rebuttal, unless there are further questions at this time. Thank you very much. May it please the Court. My name is Dan Scheid, and I represent the defendants in this case. What we have in this case is really a compelling combination of several things, all of which support the order of the district court. We had, in essence, an undisputed factual record as to the series of lawsuits that were filed and the events that occurred in each one. We had detailed findings of fact by the district court that are set forth across eight to ten pages of the September 15 order. They were later supplemented by two additional pages in the December 15 order. She specifically found and specifically labeled the plaintiff's conduct as vexatious. She used that word twice in each order. She found plaintiff's conduct to be harassing. She used that word once in each order. She found that plaintiff's conduct was motivated by an improper purpose. She specifically said it was a misguided effort to obtain a do-over. So are you arguing for the affirmance of the sanctions, of the attorney's fees on the basis of the inherent power of the court? On behalf of three authorities, Your Honor. On behalf of Rule 41D, which is a federal rule, pursuant to the Lanham Act, which is a federal statute. Did she ever say anything about the Lanham Act? She did. She has a complete paragraph about the Lanham Act. You'll find it in the record at ER 462. But did she analyze the factors under which attorney's fees may be awarded pursuant to the Lanham Act? She did. Particularly, Your Honors. Where is that? I'll be fair. I don't know that she did that. I would say on about three levels. Well, tell us the most specific level where she analyzed the award of fees under the Lanham Act. She referenced the exceptional case standard, and then she specifically said, referencing back to all of the conduct she had described, she said it furthers the purpose of deterring vexatious litigation conduct. That's not the standard for the Lanham Act. It's an exceptional case. Right. For the prevailing party. So where is that analysis in her rule? If you look at the recent case of Octane Fitness, which was adopted by the Ninth Circuit in Sun Earth on Bonk, we submitted a Rule 28J letter with regard to that. In that Octane Fitness case, they adopted a definition of exceptional cases. It was in 2014, so it was in effect at the time. They said the court makes an equitable case-by-case discretionary decision as to whether there was a weakness in the substantive merits of the case or it was litigated in an unreasonable manner, and that it said the courts can apply a non-exclusive list of factors from the Fogarty v. Fantasy, Inc. case. Two of those factors are, would awarding fees advance considerations of deterrence and compensation? She specifically found that an award of fees under the Lanham Act would further the purpose of deterring vexatious conduct. And then in a footnote at the end of the Lanham Act paragraph,  and then down in the footnote, she said the court specifically finds, she used the words finds, that plaintiff's conduct warranted fees under the inherent power of the court, Chambers v. NASCO. Well, that's a different issue than the Lanham Act. If I could quickly just tie those together. If I could just quickly ask you a question. Could you point me in the record where you are referring her analysis under the Lanham Act? Where is that specifically in the record? What page? Excerpts of record, page 462. So all of that that you just articulated is on page 462? Correct. And with regard to bad faith conduct under the inherent power, one of the other things that the Supreme Court said in Octane Fitness, which the Ninth Circuit adopted in Sun Earth, they said that the exceptional case standard is a lower benchmark than bad faith conduct. So if there is a finding of bad faith conduct under the inherent power, then by implication that is more than sufficient to meet the lower standard for exceptional case under the Lanham Act. Well, let me talk to you a little bit. If, in fact, a court has inherent power to impose attorney's fees in the case, why is it that we should suggest that Rule 41D includes attorney's fees? Two parts to that answer. I think if you look at Chambers versus NASCO. I've looked at Chambers. I'm still going to ask you the same question. If you're going to give the court the inherent power to impose these attorney's fees in any case where the party acts for an improper purpose, which is the inherent power, then why would 41D also include attorney's fees? Because there's nothing in 41D that says attorney's fees. There's nothing in 41D that even gets to attorney's fees. And if I look at the only place where attorney's fees has been suggested to be a part of costs, it's in an offer of judgment, and that's not really the same as the costs under 41D. And so I'm trying to get you to answer me that. But then the next question is, if they're going to do it under the inherent power, was there enough notice given to do it? As to that question, Chambers versus NASCO says that a court can raise inherent power sua sponte. We did give notice in our opening brief and in our reply brief. There are about four pages where we raise the issue of the inherent power of the court. In fact, in the heading in which we asked for an award of fees, we said fees should be awarded pursuant to Rule 41D and the inherent power of the court. Do they need a hearing when they do that? No, it can be done on motion. This was a motion. There was proper notice of the motion. I understand that you do it on motion. Do they need a hearing? I don't believe they do. Like I say, the court can raise it. Is there any case that suggests one should impose inherent authority, attorney's fees, as a sanction without a hearing? I'm not aware of any case that absolutely requires a hearing. There are procedures in Judge Benchvenko's courtroom for requesting a hearing, and so the burden was on them to follow her procedures to request an evidentiary hearing or to request oral argument. They chose not to do so. They chose to rest on their briefs, so they waived whatever right to a hearing that they had. Back to the original question. If you can impose these attorney's fees pursuant to your inherent power as a court, then why would I suggest that 41D has attorney's fees in it? Each stands independently. Each stands on their own. We would argue that inherent power alone warrants fees. That's what the court said. Well, I understand you're going for a different theory. I'm back to 41D. So 41D, the central issue they've raised, basically the central cornerstone of their appeal is that this court should follow the Sixth Circuit, which said that? Well, frankly, they say that we should follow the Sixth Circuit, and they give many good examples of why. I mean, costs are costs. And where attorney's fees is considered under the federal rules, they talk about attorney's fees. And I can give you several reasons why Sixth Circuit should not be followed. First of all, the word cost has been held by several courts, including Esquivel, including the Supreme Court, to have different meanings in different rules. I understand, but we're in 41 now. We're in 41D. The purposes of Rule 41D are to deter vexatious litigation conduct, which is virtually the same as the inherent power standard. If you look at the dictionary definitions, if you look at the U.S. Supreme Court case of Taniguchi v. Can Pacific Saipan, they said that the words costs and expenses are synonymous. It is the word taxable costs that is the more limited phrase. And so where courts have limited to. . . And if I don't agree that those are applicable to 41D, I mean, there are many ways where we give sanctions for what we consider to be less than appropriate conduct. Take discovery, for instance. When I go into discovery, I know what I've got because there in the discovery rules it tells me what I have. If I go to an offer of judgment, there it seems obvious that in an offer of judgment, if you're going to give all of the costs, you've got to give all the attorney's fees because they have been extended at that point. And that's what the Supreme Court said. It says in the context, absolute. But in this particular instance, I'm having a tough time understanding why in this context it's always attorney's fees. Well, aside from the fact that the majority of the courts have recognized that costs. . . The majority of the courts? What's the majority? It would be six circuit courts within four circuits. It would be 31 district courts within 14 states. But I'm just saying to you that the fact that my sister's circuits do it or don't do it is not the majority. I've got to choose now between two circuits, one copying the other. Okay. So you have two groups of circuits, one that says you're allowed fees outright. You have the fourth and seventh circuits that say you're allowed fees if an underlying statute provides. We have an underlying statute in this case in the Lanham Act. If she'd appropriately cited it. But the Lanham Act just says costs, and then attorney's fees for a prevailing party in an exceptional case. So it does not include attorney's fees necessarily within costs. It's not clean. Actually, there are two parts to Section 1117A. The first sentence deals with a separate circumstance. It's the last sentence of 1117A, and it uses the word attorney fees. Conditional. It says prevailing parties, exceptional case, and it uses the word attorney fees. But the issue is whether or not the underlying statute includes attorney's fees and costs. Right? Well, the courts have said that that word attorney fees includes attorney fees and costs. So there are several cases. If the statute separately discusses costs and attorney's fees, what's the effect of that? There are some courts that say that that makes a difference, but in this case that's not the way the statute reads. Again, you have the first sentence that addresses a different class of litigants. It's when a registrant has had their trademark registration violated. But then you go to the last sentence. That is a separate attorney fee provision, and that's prevailing parties. That can be either side, plaintiff or defendant, not just the registrant. You're looking at 1117A? Yes. Okay, so point me to the language that you're talking about. I see the last sentence says, the court in exceptional cases may award reasonable attorney fees to the prevailing party. Right. But now what are you talking about? The cost is different. I don't understand what you're saying. The first sentence of 1117A, that deals with just registrants and their ability to recover various types of damages, and it lists costs. Right. And then there are three sentences after that that describe. But why does that make a difference? Because to me, costs and attorney's fees are discussed separately in this statute, which is an implication in my mind that costs does not encompass attorney's fees for purposes of this statute. In the last sentence, which is the sentence we're dealing with. We're not dealing with the first sentence. You have to look at the whole statute. We have to look at the whole statute to determine if the statute includes attorney's fees as costs. So you just can't segment out this sentence and say it's because there's a reference to attorney's fees. That necessarily is encompassed in costs. I don't buy that argument. If you look at the cases, they talk about how within 1117A, even though it's one letter, there are two separate fee or cost provisions in there. The sentence that we are dealing with in this case is just the last sentence. I understand it's the last sentence. It's the exceptional case. And I don't see that as saying that attorney's fees are encompassed in the term costs for purposes of this statute. You'll notice it only has the word fees. It doesn't have the word costs. It has attorney fees. Right. If it just had fees, you could make a credible argument that fees includes costs and attorney's fees. But it has attorney fees, which is separate than costs. The cost provision relates to that first sentence, which is the separate attorney fee provision. There is no reference to costs in that last sentence. Exactly. And that's what the courts have said is that word fees in that last sentence, pursuant to that you can recover fees and costs pursuant to the word fees. Otherwise, a prevailing defendant could never recover taxable costs. Let me ask you another question, which is a little bit different. Supposing I disagree with you and I suggest that attorney's fees under 41D are not recoverable and I suggest that under the inherent power of the court, there was not enough notice to allow the attorney's fees to be given. And I then say, okay, there are no attorney's fees. So, therefore, with no attorney's fee, as I understand it, the plaintiff could not appeal this judgment or this decision until the end of the case. It's not automatically appealable. It's not a 54B permission. Then at that point, if I get to the end and I suggest that attorney's fees are not recoverable under 41D, then should I uphold the dismissal? Yes, you should. Why? Because fees were awarded, well, pursuant to. Fees are not. Fees, costs are appropriately awarded. Fees are not. Costs were awarded. I understand costs were awarded. The costs were never paid. Well, but do they need to pay them? We didn't come to the end. It wasn't anywhere. There's no way to appeal it. There's no way to get up to talk to me about whether we should have even had costs or fees or anything until we get to the final result, and then the judge imposes the judgment and dismisses the case. If the reason for which the court imposes the judgment is wrong, then why should the dismissal be upheld? Well, if this court were to find that the court was wrong as to Rule 41D and the Lanham Act and the inherent power of the court. That was my hypothetical. Okay. I mean, if that's the case, then there is no award of fees. There is just an award of taxable costs. Why should the dismissal be upheld was the question. Well, under that hypothetical, which obviously I don't agree with. I didn't expect you to agree. Under that hypothetical, yeah. The only other grounds for dismissal are the grounds that they haven't appealed, and that is that the court ordered them to have new counsel enter an appearance by December 14th. Did you ever ask that the case be, which you could have under 41D, that the case be stayed until the fees were paid? We did ask for that. And the court denied it? No, the court stayed the case until the court granted the award of fees, stayed the case for 90 days, gave them 90 days to pay, and gave them until that same deadline to have new counsel enter an appearance. They didn't pay the fees, and new counsel didn't enter an appearance by December 14th. She cited both of those violations. They haven't appealed that issue at all. I understand, but the question that I had then, I mean, my worry is that there's no way for your opponent to have appealed this decision on attorney's fees until they wait to today, because they couldn't get up here before today, after the judgment was entered. And so I'm having a tough time understanding why, in that instance, if I don't agree on the attorney's fees, that I ought to uphold the dismissal. If you're saying the dismissal is based only on the fees, then I would agree, although they would have had the right, perhaps, to seek a Rule 54B certification and take it up on appeal. Well, I don't know where they got the 54B, because here we had the judge saying fees were going to be awarded someday, but they didn't know when, and then all of a sudden the judge says, well, you're going to pay them now. If you don't pay them now, then it's going to be dismissed. And then they appeal. I'm just trying to get you to tell me how do I back out of that and still give you the dismissal if I don't agree with you. Like I said, there's the other grounds for dismissal based on the attorney. I mean, if the court were to disagree and say that no fees should have been awarded under any of the three authorities, and by the way, I'm not aware of any case law that's ever overturned an award of fees based on a combination of Rule 41D, an underlying statute, and bad faith. If all of them, if none of them apply? Well, the court would have to adopt the narrow view of the Sixth Circuit. Yes. It would have to ignore the court's Lanham Act paragraph and the findings that were in that paragraph. Those findings are not sufficient. Right. They'd be ignored if they're not sufficient. The court would have to ignore the undisputed conduct and the findings that were made with regard to that conduct, which led to a finding of bad faith, which is a higher benchmark than the Lanham Act paragraph. It's not a finding of bad faith. Normally when a court finds bad faith, the words bad faith are used. But let me ask you about your reference to page 462 of the E.R. You said that when Judge Smith asked you if notice was given to the other party that sanctions were going to be sought under the inherent authority, you said that notice was given by your pleadings? Yes. But in the footnote, the court said, in addition, although defendants did not make such an argument, the court finds that plaintiff's conduct and tactics warrant payment under the court's inherent power. So the court did not agree that you raised that issue before the district court. She either didn't agree or it was an oversight. I think we cited in our brief in the record, you'll see at E.R. 14, E.R. 15, E.R. 16, and E.R. 448. That's three sites from our opening brief and one site. But you're relying on this footnote. Right. She says that in the lead-in to the footnote. We disagree with that because we very clearly in our rule said that Rule 41D is an expression of the inherent power. We said that there are other bases to award fees under the present circumstances, including the inherent power. But it's apparent the court did not rely upon your request to resort to the inherent power. I don't know if that's entirely clear. I mean, I acknowledge that that lead-in phrase is in that footnote. But then she said she specifically finds that the conduct and tactics, I mean, there's no doubt as to the conduct and tactics that she was referring to because she had just described them in the 10 pages before. Well, the thing that I think you're doing, I mean, we're not trying to suggest that the conduct that the plaintiff's used here is appropriate conduct. Nobody's suggesting that, even in our questions. All we're trying to do is we're trying to see if there isn't a method by which you get these fees. And when we look at inherent power, we look at what they ought to do under inherent power to get there. And that's what Judge Rollins is saying to you. I mean, inherent power in general, we've been on the district court. We know. We say bad faith. We say this is terrible. You ought to do something about it. This judge did not get there. And so it makes it a little uneasy. And when we look at 41D, we're saying to ourselves, in general, costs are costs are costs are costs. There are times when attorney's fees are not our part of costs, but it's within the context of the rule. And in general, when they want attorney's fees to be involved in the civil rule, they say it. And they didn't hear. So we're having you comment about that. And then the last thing we're saying is we really don't think, even though you're citing all this stuff about Lanham, that she made the appropriate findings on Lanham. Because we've made findings. We know what findings should have been found, and they weren't there. That's why we're asking the questions. Now, we're not wanting to get you to be defensive. We're just wanting you to be able to respond to these problems that we see in your argument. That's all we're doing. Right, and I would say she did make findings in the 8 or 10 pages of the order where she made findings as to what occurred in the lower court. She specifically called it vexatious. She specifically cited the bad faith or conduct tantamount to bad faith standard in the footnote, and she said pursuant to that standard, that warrants the imposition of fees. So I read that as a finding that the conduct that she found vexatious warranted the imposition of fees pursuant to the inherent authority, which also meets the Lanham Act. I understand what you're arguing. Right. All right, counsel, you've way exceeded your time. Thank you, Your Honor. All right. We helped you, though. I'm sorry? We helped you. I was going to say, I don't think you exceeded it on your own. I think we helped you a lot. I saw the red light go on. So don't be beat on. We're in the middle of your problem. I saw the light go on, but I didn't feel like I could leave. All right. Thank you. I'd like to quickly address a few key points, and if I could return, Judge Smith, to your original concern regarding exactly what was appealed. I'd refer you to page 43 of our first brief, in which we explicitly argued that Rule 41D2, and I'll give you the exact language from my brief, consequently that would suggest the district court could not go further by dismissing the action altogether, much less with prejudice for noncompliance. That is, not paying the fees, not paying the cost. Nevertheless, we acknowledge how Copian governs. We have preserved that argument, nevertheless. So I think that, I hope that mollifies your concerns regarding the scope of what we've actually appealed. Well, frankly, I'd have to read that phrase again. I looked all over to try to find your, if you would, extreme argument, or your more than just a word argument about this issue, and I had a tough time. So I didn't know how to quite get at it. So I wanted you to speak to it. And I hope that addresses it, Your Honor. Regarding our opponent's argument that the district court had alternatively dismissed the case for not retaining counsel timely, I'd refer you to ER 477, which is the district court's December 2015 order. It says in the very last sentence before so ordered, accordingly because plaintiff failed to comply with the court's September 15, 2015 order, it is hereby ordered that this case is dismissed with prejudice. So it did not dismiss the case alternatively for failure to retain counsel. It dismissed the case based on that earlier order, which was failure to pay costs and fees. I notice my time has expired. I have a question. Certainly, Your Honor. I have a question for you. So are you familiar with our case Champion Produce v. Ruby Robinson Company? Your Honor, I have to confess I'm not familiar with it, but I'd be glad to brief it in supplemental. If you take my word that this case says that costs under Rule 68 includes attorney's fees when the underlying statute in the case defines attorney's fees as part of the cost. So in discussing Rule 68, we took a similar approach as the Second Circuit takes to Rule 41D. Yes, Your Honor. If I represent to you that that's what we've done, would that be an argument toward taking the Seventh Circuit approach? Your Honor, and I refer you back to some of your.  Certainly, Your Honor. I apologize. I would say that here, as you were suggesting in your questioning to my opponent, 1117A does not specifically mention that costs. But as a predicate, would you say that our approach, that that language in that statute would militate toward us adopting the Seventh Circuit's approach? I think that, again, I would have to brief that issue, Your Honor. But if the case says what I tell you, I think you can trust me on this. I do, Your Honor. If the case says what I represent to you that it says, would that militate toward us adopting the Seventh Circuit approach? I think it might, Your Honor. Of course, as I've mentioned, I would welcome any opportunity to submit supplemental briefing if you think it's appropriate. But I think even, as I've mentioned, even if you were to adopt the approaches that the Seventh Circuit took in Esposito and the Fourth Circuit took in Andrews, the necessary findings regarding the underlying statute here in the Lanham Act, 1117A, were simply not satisfied. Well, what's your response to opposing counsel's position that it's not as cut and dried as that? You look at a number of factors. And the Court at least alluded to those factors in awarding fees under the Lanham Act. What's your response to that? My response is that when you look at the page he cited to ER-462, it's at best very general in terms of discussing some of the factors that are applicable in the Lanham Act context and in the 1117 context. It says, and I'll go to line six of that page, it cites to 1117 and says, providing an award of attorney's fees in exceptional cases. And then later on, it talks about, she discusses, because awarding fees furthers the purpose of Rule 41D to discuss vexatious litigation, and then she mentions generally that these sorts of fees were requested under the Lanham Act, then Esposito was satisfied. Our view is that that's not sufficient analysis under Esposito and later under Andrews. Simply to generally allude to the kinds of categories that might lead to 1117A eligibility is not sufficient. We've also cited to other cases from this Court, including in Ray Yagman, that talk about the very specific findings, and I think you've alluded to this, Judge Rollinson, that need to happen as a predicate for finding that attorney's fees have been awarded, for reasoning that attorney's fees awards are sufficient or appropriate, and giving this Court sufficient findings, sufficient conclusions, from which to conduct its appellate review, to conduct its appellate function. I do not think that that is apparent here at all.  Thank you, Counsel. Thank you, Your Honor. Thank you to both counsel. The case just argued is submitted for decision by the Court.
judges: Fernandez, Rawlinson, N.R. Smith